UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LYNELL KING,<br><br>  Plaintiff,<br><br>  v.<br><br>CRAIG KOENIG, *et al.*,<br><br>  Defendants. | Case No. 2:21-cv-02250-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DIRECTING THE CLERK OF COURT TO ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>ECF No. 2<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>  (1) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION THAT IT BE DISMISSED, OR<br><br>  (2) FILE AN AMENDED COMPLAINT<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED<br><br>ECF No. 3<br><br>FOURTEEN-DAY DEADLINE |

Plaintiff has filed a complaint alleging that defendants violated his Eighth Amendment rights by failing to treat his eye disorder adequately over the course of nearly four years. ECF No. 1 at 8. His claims are non-cognizable because they are improperly joined and do not meet the

1

pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  I will give plaintiff a chance to amend his complaint before recommending that this action be dismissed.  I will also grant his application to proceed *in forma pauperis*, ECF No. 2 and recommend that his motion for preliminary injunctive relief be denied, ECF No. 3.

### Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that he was diagnosed with an eye disorder called "Keratoconus" in November 2017 and that, from then until the present, various providers and officials in the California Department of Corrections and Rehabilitation have failed to provide him with adequate care. These claims, though all concern his eye care, are improperly joined and cannot proceed as part of a single action. For instance, the claim that a provider misdiagnosed his condition during a follow up appointment in December 2017, ECF No. 1 at 8, is factually distinct from whether officials failed to send ocular topography test results to an outside provider, *id.* at 15-16. Additionally, while plaintiff names numerous officials as defendants, he fails to describe adequately how each exhibited deliberate indifference toward his condition. Any amended complaint should explicitly describe each defendant's involvement and allege how each defendant's actions amounted to deliberate indifference rather than simple negligence.

I will allow plaintiff a chance to amend his complaint before recommending that this action be dismissed. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

My finding that the complaint is non-cognizable necessarily requires a recommendation that plaintiff's motion for preliminary injunctive relief be denied, insofar as plaintiff cannot show that he is likely to succeed on the merits at this juncture. *See Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008) ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits . . . .").

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Within thirty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes to stand by his current complaint. If he selects the latter option, I will recommend that this action be dismissed.

3. Failure to comply with this order may result in the dismissal of this action.

4. The Clerk of Court is directed to send plaintiff a complaint form.

5. The Clerk of Court is directed to assign a district judge to this action.

Further, it is RECOMMENDED that plaintiff's motion for preliminary injunctive relief, ECF No. 3, be denied without prejudice.

These recommendations will be submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within fourteen days of the service of these findings and recommendations, the parties may file written objections with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated:   December 20, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE