1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 10    KEVIN LYNELL KING, | Case No.  2:21-cv-02250-TLN-JDP (PC) |
| 11          Plaintiff, | SCREENING ORDER THAT PLAINTIFF: |
| 12      v. | (1) STAND BY HIS AMENDED COMPLAINT SUBJECT TO A RECOMMENDATION OF DISMISSAL; OR |
| 13    CRAIG KOENIG, *et al.*, | |
| 14          Defendants. | (2) FILE A SECOND AMENDED COMPLAINT |
| 15 | |
| 16 | ECF No. 18 |
| 17 | THIRTY-DAY DEADLINE |
| 18 | ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL |
| 19 | ECF No. 20 |
| 20 | |
| 21 | FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED |
| 22 | |
| 23 | ECF No. 19 |
| 24 | FOURTEEN-DAY DEADLINE |
| 25 | |
| 26 | |

27        Plaintiff, a state prisoner, alleges that defendants violated his Eighth Amendment rights by

28   failing to provide him with adequate medical care.  His allegations are inadequately plead and,

1    moreover, do not appear sufficiently related to proceed in the same lawsuit.  I will grant plaintiff

2    another opportunity to amend and remedy these deficiencies before recommending dismissal.  I

3    will also deny plaintiff's motion to appoint counsel, ECF No. 20, and recommend that his motion

4    for preliminary injunctive relief, ECF No. 19, be denied.

5                                          **Screening Order**

6        **I.        Screening and Pleading Requirements**

7        A federal court must screen a prisoner's complaint that seeks relief against a governmental

8    entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

9    claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

10   claim upon which relief may be granted, or seeks monetary relief from a defendant who is

11   immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

12       A complaint must contain a short and plain statement that plaintiff is entitled to relief,

13   Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

14   face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

15   require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

16   662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

17   possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

18   identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

19   1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

20   give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

21   n.2 (9th Cir. 2006) (en banc) (citations omitted).

22       The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

23   U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

24   appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

25   would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

26   However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

27   of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

28   1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.     Analysis

Plaintiff alleges that, between 2017 and 2021, various providers were deliberately indifferent in failing to treat his keratoconus eye disorder.  ECF No. 18 at 9-10.  The complaint, whose substantive portion is approximately twenty typed pages, does not, as Rule 8 of the Federal Rules of Civil Procedure demands, provide a short and plain statement showing that plaintiff is entitled to relief.  Problematically, it is difficult to tell which parts of the complaint are being offered as context and which contain active claims.  Plaintiff alleges, for instance, that two doctors—Rasheed and Ottenbacker—knowingly interfered with his medical treatment in 2018. *Id.* at 10.  These individuals are not named as defendants in the caption of the complaint, however.

More broadly, the complaint contains too many disparate medical claims to litigate in a single action.  It is true that all the inadequate care appears to relate to plaintiff's eye disorder, but whether defendant Brignell was deliberately indifferent in April 2019 is a separate factual question from whether defendant Yeh was deliberately indifferent two years later, in March of 2021.  Litigating separate allegations of deliberate indifference in a single action will prove unwieldy.  The matter might be different if plaintiff were suing only one provider, but multiple, unrelated claims against more than one defendant demand separate suits.

I will give plaintiff one final opportunity to amend his complaint to include only related claims that are adequately pled.  If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc).  This means that the amended complaint will need to be complete on its face without reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is filed, the current complaint no longer serves any function.  Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail.  The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.  If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

3

1

2                                    **Motion to Appoint Counsel**

3          I will also deny plaintiff's motion to appoint counsel, ECF No. 20.  Plaintiff does not have

4   a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520,

5   1525 (9th Cir. 1997), and I lack the authority to require an attorney to represent plaintiff.  *See*

6   *Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  I may

7   request the voluntary assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1) ("The court may request

8   an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525.

9   However, without a means to compensate counsel, the court will seek volunteer counsel only in

10  exceptional circumstances.  In determining whether such circumstances exist, "the district court

11  must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to

12  articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113

13  F.3d at 1525 (internal quotation marks and citations omitted).

14         I cannot conclude that exceptional circumstances requiring the appointment of counsel are

15  present here.  The allegations in the complaint are not exceptionally complicated.  Further,

16  plaintiff has not demonstrated that he is likely to succeed on the merits.  For these reasons,

17  plaintiff's motion to appoint counsel, ECF No. 20, is denied without prejudice.

18         I may revisit this issue at a later stage of the proceedings if the interests of justice so

19  require.  If plaintiff later renews his request for counsel, he should provide a detailed explanation

20  of the circumstances that he believes justify appointment of counsel in this case.

21              **Motion for Temporary Restraining Order and Preliminary Injunction**

22         I also recommend that plaintiff's motion for injunctive relief, ECF No. 19, be denied.  "A

23  plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits,

24  that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of

25  equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*,

26  555 U.S. 7, 20 (2008).  The deficiency of plaintiff's complaint precludes a showing that he is

27  likely to succeed on the merits of his claims.

28

4

1

2          Accordingly, it is ORDERED that:

3          1.  Within thirty days from the service of this order, plaintiff must either file another

4    Amended Complaint or advise me that he wishes to stand by his current complaint.  If he selects

5    the latter option, I will recommend that this action be dismissed.

6          2.  Failure to comply with this order may result in the dismissal of this action.

7          3.  The Clerk of Court is directed to send plaintiff a complaint form.

8          4.  Plaintiff's motion to appoint counsel, ECF No. 20, is DENIED without prejudice.

9          Further, it is RECOMMENDED that plaintiff's motion for preliminary injunctive relief,

10   ECF No. 19, be DENIED without prejudice.

11         I submit these findings and recommendations to the district judge under 28 U.S.C.

12   § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court,

13   Eastern District of California. Within 14 days of the service of the findings and

14   recommendations, any party may file written objections to the findings and recommendations

15   with the court and serve a copy on all parties. That document should be captioned "Objections to

16   Magistrate Judge's Findings and Recommendations."  The district judge will review the findings

17   and recommendations under 28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the

18   specified time may result in the waiver of rights on appeal.  *See Wilkerson v. Wheeler*, 772 F.3d

19   834, 839 (9th Cir. 2014).

20

21   IT IS SO ORDERED.

22
     Dated:    September 8, 2022                    _____
23                                                  JEREMY D. PETERSON
24                                                  UNITED STATES MAGISTRATE JUDGE

25

26

27

28

                                                  5