UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN LYNELL KING,<br><br>   Plaintiff,<br><br>   v.<br><br>M. KUERSTEN, *et al.*,<br><br>   Defendants. | Case No.  2:21-cv-02250-TLN-JDP (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT THE SECOND AMENDED COMPLAINT BE DISMISSED FOR FAILURE TO STATE A CLAIM<br><br>ECF No. 29<br><br>FOURTEEN-DAY DEADLINE FOR OBJECTIONS |

     Plaintiff, a state prisoner, has filed a second amended complaint alleging that defendants violated his Eighth Amendment rights by failing to provide adequate medical care for his keratoconus eye condition. ECF No. 29 at 8. This complaint, like its predecessors, fails to state a cognizable claim. I now recommend that this action be dismissed for failure to state a claim.

**Screening Order**

**I.     Screening and Pleading Requirements**

     A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1

1 claim upon which relief may be granted, or seeks monetary relief from a defendant who is
2 immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

3   A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4 Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5 face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
6 require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
7 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
8 possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
9 identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
11 give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12 n.2 (9th Cir. 2006) (en banc) (citations omitted).

13   The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
14 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
15 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20   **II.   Analysis**

21   Plaintiff alleges that defendants Yeh and Orland, both primary care providers at Solano
22 State Prison, and Kuersten, the Chief Medical Executive at the same facility, were deliberately
23 indifferent to his serious medical needs. He claims that he suffers from keratoconus, a
24 degenerative eye condition, and that defendants failed to provide adequate care when they failed
25 to refer him to an outside provider specializing in treatment of that condition. ECF No. 29 at 10.
26 Instead, defendants referred him to an ophthalmologist, Dr. Seabrook, who was not such a
27 specialist. *Id.* at 11. Plaintiff alleges that defendants did so to "conceal [his] previous history of
28 vision loss." *Id.* His own allegations, however, reflect that defendants also ordered a consult

2

1    with a second outside provider, Dr. Jennifer Li, whose specialties are ophthalmology, cornea and

2    external disease, and cataract-refractive surgery. *Id.* Plaintiff alleges that this referral was also

3    insufficient because, as with Dr. Seabrook, Dr. Li's specialties do not include keratoconus. *Id.*

4    Nevertheless, he was seen by Dr. Li, who opined that his keratoconus was mild. *Id.* at 12.

5          Deliberate indifference under the Eighth Amendment is more than negligence or

6    malpractice; it is knowledge of and disregard for an excessive risk to a prisoner's health and

7    safety. *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). Here, plaintiff's own allegations

8    suggest that defendants took his complaints seriously, referring him to two outside providers, one

9    of whom opined that plaintiff's keratoconus was mild.[1] The failure to refer plaintiff to a different

10   specialist was not deliberate indifference. Prisoners have no right to outside medical care, much

11   less to a specialist of their choosing. *Roberts v. Spalding*, 783 F.2d 867, 870 (9th Cir. 1986) ("A

12   prison inmate has no independent constitutional right to outside medical care additional and

13   supplemental to the medical care provided by the prison staff within the institution."). And,

14   although plaintiff alleges that the condition of his eyes has worsened absent attention from a

15   keratoconus specialist, this allegation is insufficient to establish deliberate indifference. Faced

16   with an outside provider's assessment that plaintiff's keratoconus was mild, defendants were, at

17   most, negligent in failing to seek out a second opinion from a different specialist.[2]

18         It is, therefore, RECOMMENDED that the Second Amended Complaint, ECF No. 29, be

19   DISMISSED without further leave to amend and for failure to state a claim.

20         These findings and recommendations are submitted to the United States District Judge

21   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

22   after being served with these findings and recommendations, any party may file written

23   objections with the court and serve a copy on all parties. Such a document should be captioned

24   "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

25   objections shall be served and filed within fourteen days after service of the objections. The

---

[1] The complaint is silent as to what, if any, diagnosis Dr. Seabrook offered.

[2] Plaintiff's allegations show that, despite Dr. Li's assessment that the condition was mild, plaintiff was still prescribed contact lenses, and his eyes were monitored by the prison optometrist. ECF No. 29 at 13.

3

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __April 7, 2023__   
                                          JEREMY D. PETERSON  
                                          UNITED STATES MAGISTRATE JUDGE